**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DANIEL KIRBY,**

      **Plaintiff,**

**vs.**                                                               **CASE NO. 4:05CV27-MMP/AK**

**STEVEN EDWARD ALTIERI,**

      **Defendant.**

                                **/**


## REPORT AND RECOMMENDATION

Plaintiff brings this cause as a prisoner proceeding pro se alleging claims based

on diversity jurisdiction against Defendant Altieri for committing perjury and procuring

false testimony in the criminal action against him, slander, and defamation of character.

(Doc. 1).  The attachments to the complaint include a proposed affidavit to Altieri,

wherein he confesses to the allegations, a Notice of Lien, a Private Security Agreement,

a portion of Defendant's statement to law enforcement about the incident, a portion of

the trial transcript, and some of Defendant's medical records. (Doc. 1, Exhibits).

From a review of the papers submitted with the complaint, the Court gleans that

an incident occurred between Plaintiff and Defendant resulting in Plaintiff's arrest and

present incarceration.  Plaintiff contends that Defendant lied about the incident to the

police accusing Plaintiff of hitting him with a baseball bat on March 1, 2001, and

procured false testimony from others at Plaintiff's trial on September 10, 2001.  Other

papers indicate that Plaintiff wants Defendant to admit to these claims in an affidavit and

agree to some type of lien for the damages.

There is no diversity jurisdiction here.  Plaintiff admits in his complaint that he

and the Defendant are residents of the State of Florida.  Further, Plaintiff has failed to

identify any federal law upon which his claims are based and asserts only state law

claims of defamation of character and slander.  Any type of constitutional claim is

precluded because he asserts his claims against a private individual, not a person

acting under "color of state law."  See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir.

1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733,

56 L. Ed. 2d 185 (1978).  A person acts under color of state law when he acts with

authority possessed by virtue of his employment with the state.  Edwards v. Wallace

Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S.

42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988).

It is therefore **RECOMMENDED** that the complaint be **DISMISSED** for lack of

jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this **14ᵗʰ** Day of July, 2005.

> **s/ A. KORNBLUM**
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

**No. 4:05cv27-mmp/ak**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:05cv27-mmp/ak**